IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00077-PAB-MEH

DARRELL HOWZE,

    Plaintiff,

v.

DR. JOSEPH WERMERS, M.D.,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss [filed April 7, 2011; docket #23]. The motion is referred to this Court for recommendation. (Docket #24.) Plaintiff responded; Defendant did not reply. (*See* docket #35.) Oral argument would not assist the Court in its adjudication. For the reasons stated below and the entire record herein, the Court **RECOMMENDS** Defendant's motion be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

Plaintiff initiated this lawsuit *pro se* on January 11, 2011.  (Dockets ##1-3.)  Plaintiff is a state prisoner incarcerated at the Colorado Correctional Center in Golden, Colorado.  He brings this action pursuant to 28 U.S.C. § 1983.  Plaintiff asserts two claims against Defendant, for medical malpractice and for assault.  Defendant is a physician employed by the Colorado Department of Corrections.  (Docket #23 at 1.)

Plaintiff filed two identical complaints on January 11, 2011.  The Court considers the latter complaint filed at docket #2 to be the governing pleading.  The facts of this matter arise from an examination of Plaintiff by Defendant on September 2, 2010.  (Docket #2 at 3.)  Plaintiff recounts that Defendant examined Plaintiff's right knee, but did so by "yank[ing] [his] right leg so suddenly and violently [Plaintiff] was certain his intent was to break [Plaintiff's] knee."  (*Id.*)  Plaintiff describes how Defendant bent his right knee "backwards causing [him] to cry out again in pain." (*Id.*)  Defendant then "told [Plaintiff] to leave."  Plaintiff asserts Defendant "committed medical malpractice" and "assault" against him.  (*Id.*)  Plaintiff requests injunctive relief and punitive damages.  (*Id.* at 8.)

Defendant responded to Plaintiff's complaint with the motion presently before the Court.  Defendant raises four arguments in support of his request that the Court dismiss Plaintiff's complaint in its entirety: 1) any official capacity claim is barred by the Eleventh Amendment; 2) both claims constitute torts and are thus barred by the Colorado Governmental Immunity Act; 3) the Prison Litigation Reform Act bars the claims because Plaintiff did not sustain a physical injury resulting from Defendant's alleged act; and 4) Defendant is entitled to qualified immunity, as Plaintiff fails to state a cognizable constitutional violation.  (*See* docket #23.)

Plaintiff responded to Defendant's motion to dismiss with minimal retort. Plaintiff contends that he "followed all of the rules of 28 U.S.C. 1915 or 1983." (Docket #35 at 2.) Plaintiff explains that he "was told by DOC staff, that [Defendant] was sub-contracted by the DOC, to perform medical issues on inmates of the Department of Corrections," thus Defendant may properly be sued. (*Id.*) Plaintiff asks that the motion be denied.

## **STANDARDS OF REVIEW**

### I.     **Construction of a *Pro Se* Plaintiff's Complaint**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II.     Rule 12(b)(6): Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The Rule 12(b)(6) evaluation requires two prongs of analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has

made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## ANALYSIS

The Court determines that it lacks subject matter jurisdiction over this lawsuit as pled, because Plaintiff brings tort claims only, which are not cognizable under Section 1983. Alternately, construing the claims as possible Eighth Amendment violations, the Court concludes that Plaintiff fails to state a colorable constitutional claim, thus Defendant is entitled to qualified immunity.

### I.     Official Capacity Claim

Plaintiff does not distinguish whether he sues Defendant in his official or individual capacity, or both capacities. (*See* docket #2.) The Court agrees with Defendant that Plaintiff may not sue him in his official capacity. Claims against state officials in their official capacities are essentially claims against the state entity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.") (citation and quotations omitted). It is well-established that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir.1994). Absent an unmistakable waiver by a state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the Eleventh Amendment provides absolute immunity from suit in federal courts for states and their agencies. *Blatchford v. Native Village of Noatak & Circle Village*, 501 U.S. 775, 785–86 (1991). Section 1983 did not abrogate the Eleventh Amendment, nor does it provide a jurisdictional basis for suit against a state official acting in his or her official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, to the extent Plaintiff brings any claim against Defendant in Defendant's

official capacity, such claim should be dismissed on the basis of Eleventh Amendment immunity.

## II. Subject Matter Jurisdiction over Individual Capacity Claims

Plaintiff brings this lawsuit pursuant to 28 U.S.C. § 1343 (federal question jurisdiction) and 42 U.S.C. § 1983. (Docket #2 at 3.) In order to properly invoke Section 1983, Plaintiff must "allege a deprivation of a federal or constitutional right by a person acting under color of state law." *E.g.*, *Young v. Martinez*, No. 07-cv-01222-WYD-CBS, 2008 WL 793575, at *7 (D. Colo. Mar. 21, 2008) (citing *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988)). Plaintiff specifically articulates his claims as "medical malpractice" and "assault" in his complaint. These are both state law tort claims, not deprivations of a federal or constitutional right. Plaintiff makes no assertion premised on the United States Constitution in his complaint or in his response to Defendant's motion to dismiss. Thus, the Court may not exercise subject matter jurisdiction over Plaintiff's two tort claims.[2] *See* 28 U.S.C. § 1343 (West 2011). However, in the interests of judicial efficiency and in consideration of the Court's obligation to construe a *pro se* plaintiff's pleadings liberally, the Court proceeds to evaluate Plaintiff's complaint under the Eighth Amendment.

## III. Qualified Immunity

In the alternative to the jurisdictional bases for dismissal explained above, Defendant claims an entitlement to qualified immunity. Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In an action under Section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in

---

[2]For the reasons stated in Defendant's motion regarding the Colorado Governmental Immunity Act, it does not appear that Plaintiff has yet exhausted administrative remedies, if he seeks to bring these tort claims in the appropriate state forum. (*See* docket #23 at 4-8.)

their positions would have known." *Brooks v. Gaenzle*, 614 F.3d 1213, 1219 (10th Cir. 2010) (quoting *Reeves v. Churchich*, 484 F.3d 1244 (10th Cir. 2007)). This type of immunity is an entitlement to not stand trial or face the other burdens of litigation. *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). The privilege is an immunity from suit rather than a mere defense to liability. *Id.*

When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). "The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009)).

The Supreme Court recently discarded a review process that required courts to examine the elements of qualified immunity sequentially, first considering whether a right had been violated, and then second - if the court concluded a right had been violated - whether that right was clearly established at the time of the alleged violation. *Pearson,* 129 S. Ct. at 816-22. *Pearson* retired this process, instead affording courts the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818; *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009). Here, the Court finds that Plaintiff does not demonstrate that Defendant violated his constitutional rights, thus Defendant is entitled to qualified immunity.

### *A.     Medical Malpractice*

Under the Eighth Amendment, prisoners are constitutionally entitled to "humane conditions of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavaras,* 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Prisoners state a claim

of cruel and unusual punishment under the Eighth Amendment by alleging prison officials demonstrated "deliberate indifference to a prisoner's serious illness or injury," or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney,* 509 U.S. 25, 35 (1993); *Estelle,* 429 U.S. at 105.

Plaintiff must meet both the objective and subjective components constituting the test for Eighth Amendment deliberate indifference. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component is met "if the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause." *Id*. (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006)). The subjective component is met if the plaintiff demonstrates defendants "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159 (quoting *Kikumura*, 461 F.3d at 1293). The subjective component requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)).

The Tenth Circuit conclusively determined that "medical malpractice is not compensable under § 1983 because inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not violate the Eighth Amendment." *Braxton v. Wyandotte County Sheriff's Dep't*, 205 F. App'x 791, 793 (10th Cir. 2006). Additionally, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Plaintiff must establish Defendant "deliberate[ly] refus[ed] to provide medical attention, as opposed to a particular course of treatment." *Fleming v. Uphoff*, No. 99-8035, 2000 WL 374295, at *2 (10th Cir. 2000) (unpublished) (quoting *Green v. Branson*, 108 F.3d 1296,

1303 (10th Cir.1997)).

None of the facts pled by Plaintiff refer to the Eighth Amendment, nor can the Court infer from the pleadings any facts indicating the standard of deliberate indifference to serious medical needs necessary to allege an Eighth Amendment violation. It appears to the Court that Plaintiff disagreed with the approach taken by Defendant in the examination of his right knee, which is evident by Plaintiff's assertion of medical malpractice. Disagreement with a course of treatment or a doctor's approach to a medical evaluation, even if negligent, does not constitute an Eighth Amendment violation. Therefore, the Court concludes that Plaintiff fails to state a claim of deliberate indifference to his medical needs in violation of his constitutional rights, and Defendant is entitled to qualified immunity from Plaintiff's medical malpractice claim.

### B. Assault

Assault is a state law tort claim which, standing alone, would not provide a proper jurisdictional basis for this Court to hear Plaintiff's case. However, as explained below, even if Plaintiff asserted a proper jurisdictional basis for this claim, for example, the Eighth Amendment's prohibition on the use of excessive force against inmates, Plaintiff fails to state a cognizable constitutional violation.

"[T]he use of excessive force against a prisoner can violate the Eighth Amendment." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Cochran*, 339 F.3d at 1212 (internal quotation marks and brackets omitted).

"An action by a prison guard may be malevolent yet not amount to cruel and unusual punishment." *Marshall v. Milyard*, No. 10-1104, 2011 WL 285563, at *2 (10th Cir. 2011) (unpublished) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Even if a use of force is deemed unnecessary after the fact, if it was both de minimus and 'not of a sort repugnant to the conscience of mankind,' it will not sustain an excessive-force claim." *Id*. (quoting *Hudson*, 403 U.S. at 10.)

The Tenth Circuit recently enumerated acts of force seemingly significant but ultimately not in violation of the Eighth Amendment. *Marshall*, 2011 WL 285563 at *3. The *Marshall* court concluded that an allegation of a prison official grabbing and digging his fingernails into a prisoner's arm, resulting in an injury, did not violate the Eighth Amendment. *Id*. The court looked to other circuit's determinations on excessive force in support of its own finding. *Id*. (citing *De Walt v. Carter*, 224 F.3d 607, 610-11 (7th Cir. 2000) (prisoner suffered bruising on his back after a prison officer shoved him into a doorframe after the prisoner called the official "unprofessional;" court concluded act was de minimus); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) ("bumping, grabbing, elbowing, and pushing a prisoner" was not sufficiently serious or harmful); Lunsford v. Bennet, 17 F.3d 1574, 1578, 1582 (7th Cir. 1994) ("hitting prisoner in the head with a bucket, causing daily headaches, was minor use of force insufficient to establish constitutional violation"); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) ("pushing cubicle-cell wall onto prisoner's leg, causing bruises, was insufficient use of force to state a constitutional violation"); *Olson v. Coleman,* 804 F. Supp. 148, 149-50 (D. Kan.1992) ("single blow to prisoner's head while escorting him into prison, causing contusion, was de minimus use of force not repugnant to conscience of mankind")).

Here, under the barebones contentions stated by Plaintiff in his complaint, the Court determines that the alleged wrongdoing was not objectively harmful enough to establish a

constitutional violation, and in fact, the use of force was de minimus.  Plaintiff does not attempt to describe a state of mind on part of Defendant at all, let alone a sufficiently culpable state of mind.  Plaintiff contends no injury resulting from the examination.  The narrative recited by Plaintiff does not meet the requisite standard for an Eighth Amendment violation, particularly when compared to the litany of scenarios described by the Tenth Circuit, which the Court perceives as significantly more serious with far less of a legitimate penological interest at stake (*i.e.*, the health of prisoners).  Therefore, the Court concludes that Plaintiff fails to state a claim of excessive force in violation of his constitutional rights, and Defendant is entitled to qualified immunity from Plaintiff's assault claim.

**IV.     Summary**

Any claim by Plaintiff against Defendant in his official capacity should be dismissed on the basis of sovereign immunity.  The Court lacks subject matter jurisdiction over Plaintiff's state tort claims against Defendant in his individual capacity, as Section 1983 provides a cause of action against state actors for violations of federal statutory or constitutional law only.  Even construed as constitutional claims, Plaintiff fails to state a cognizable constitutional violation, thus Defendant is entitled to qualified immunity.

Because Plaintiff proceeds *pro se*, the Court must consider whether amendment would cure the above-stated deficiencies.  The Court concludes amendment would be futile.  The Court evaluated Plaintiff's claims under the appropriate constitutional standards, and amendment, short of inappropriate embellishment, would not raise the allegations to the requisite levels of objective harm and subjective intent necessary to state an Eighth Amendment claim.

Typically, when a complaint is dismissed for lack of subject matter jurisdiction, such dismissal should be without prejudice.  *See*, *e.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213,

1219 (10th Cir. 2006) ("jurisdictional defect calls for a dismissal without prejudice"). However, here, the Court not only recommends dismissal for lack of subject matter jurisdiction as Plaintiff pleads merely tort claims, but also recommends dismissal based on Plaintiff's failure to assert a cognizable constitutional violation. *Brereton*, 434 F.3d at 1219 ("dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."). Therefore, the Court recommends Plaintiff's complaint be dismissed with prejudice, on the basis that Plaintiff fails to state a claim upon which relief may be granted.

## CONCLUSION

Accordingly, for the reasons stated above and the entire record herein, the Court **RECOMMENDS** Defendant's Motion to Dismiss [filed April 7, 2011; docket #23] be **GRANTED** and Plaintiff's complaint be **dismissed with prejudice**. The Scheduling Conference set for June 30, 2011, is hereby **vacated**. The parties shall file a Status Report within *five business days* of the District Court's ruling on this Recommendation indicating what scheduling, if any, is needed.

Respectfully submitted this 21st day of June, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge