IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00077-PAB-MEH

DARRELL HOWZE

      Plaintiff,

v.

DR. JOSEPH WERMERS, M.D.,

      Defendant.

_____

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

      This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty filed on June 21, 2011 [Docket No. 36]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on June 21, 2011. No party has objected to the Recommendation.

      In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, I have reviewed the Recommendation to

satisfy myself that there is "no clear error on the face of the record."[1]  *See* Fed. R. Civ.

P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the

Recommendation is a correct application of the facts and the law.  Accordingly, it is

       **ORDERED** as follows:

       1.  The Recommendation of United States Magistrate Judge [Docket No. 36] is

ACCEPTED.

       2.  Defendant's Motion to Dismiss [Docket No. 23] is granted, and plaintiff's

complaint is dismissed with prejudice.

       3.  All other pending motions are DENIED as moot.


       DATED July 26, 2011.

                      BY THE COURT:


                      s/Philip A. Brimmer_____
                     PHILIP A. BRIMMER
                     United States District Judge

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).